MORRIS v. MULLINS.

Opinion delivered April 28, 1930.

*Williamson & Williamson,* for appellant.

*George W. Parks,* for appellee.

KIRBY, J. This suit was brought by appellant to recover the value of a $2.50 hog, costs and expenses, sold to him by appellee.

Appellee sold and delivered to appellant 3 hogs for $2.50 each, and Dave Nichols replevied one of the hogs after appellant had kept it and fed it for about 60 days. Appellant herein notified appellee Mullins of the suit, and was told by him to hold the hog and defend the suit. Appellant insisted that the hog was not worth a lawsuit, and appellee assured him that his title had been good, and that he would defend the lawsuit, and if appellant lost he would pay the costs. Appellant insisted that Mullins would better hire a lawyer, and that he did not do so and attempted to defend the suit himself. Mullins did not ask to be made a party to the suit, and appellant, not knowing that it could be done, did not ask to have him made a party. Upon losing the suit appellee insisted that appellant should appeal the case to the circuit court assuring him that he would sell some cotton, and repay the costs. Appellant replied that he would take the appeal if appellee would pay the costs and make an appeal bond, as he did not care to assume the liability. Appellee did not make the appeal bond or pay the costs, but did leave one dollar with the justice of the peace to pay for the transcript when the affidavit for appeal was made. No appeal was taken, and appellant paid the costs in that suit, and brought this suit in the justice court against Mullins for the price of the hog, and costs, etc., and recovered judgment there, from which an appeal was taken to the circuit court, and from the judgment against him there appellant prosecutes this appeal.

The facts are virtually undisputed, and appellant insists that the court erred in giving over his objections for appellee instructions Nos. 2, 3 and 4. By these instructions the court told the jury that defendant in this case had a right to have the replevin suit for the possession of the hog prosecuted in the circuit court, and it was his duty after being notified of the suit to appear and defend it; that if Mullins had agreed to pay the costs of the replevin suit, and the suit went against Morris, appellant here, "and if there was no demand or request

made on him that the case be appealed to the circuit court," then Morris would be entitled to recover. In instruction No. 4, the jury were told that if they found that Mullins had agreed with Morris that he would pay the value of the hog and the expenses of the replevin suit if he lost it, and that Mullins, after the suit went against Morris in the justice court, had assisted in the trial "and demanded that Morris take an appeal to the circuit court" and paid the dollar for the transcript, and agreed to execute an appeal bond, and Morris failed to make the affidavit and take the appeal, the jury should find for defendant, appellee here.

The court erred in giving these instructions, which were peremptory in effect. Appellee was liable to repay to appellant the price of the hog sold him to which he had no title, recognized this liability, and insisted upon appellant resisting the replevin suit for its possession, agreeing to pay the costs of the suit if the judgment was against him. The judgment was rendered against him, and he had to pay the costs. Appellee could have made himself a party to this suit if he had desired to do so, and appellant could have had it done upon proper motion made, but he was not made a party.

Appellant was not bound to prosecute the replevin suit further than the justice court to determine his right to the ownership or possession of the property sold to him by appellee here, who was adjudged in that suit to have no title thereto, nor could appellee avoid his liability to repayment of the price of the hog, to which he had no title, sold by him to appellant, and the costs of the suit for determination of the title, which he agreed to and failed to pay, because appellant refused to prosecute an appeal in that case to the circuit court.

The court erred in instructing the jury otherwise, and for this error the judgment must be reversed, and the cause remanded for a new trial. It is so ordered.